**ROBERT L. ARLEO, ESQ. P.C.**
380 Lexington Avenue, 17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                                                 Fax: (518) 751-1801
Email: robertarleo@gmail.com

July 22, 2018

Honorable Pamela K. Chen
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Abreu v. Receivable Collection Services, LLC
          18-cv-04103 (PKC)(LB)

Dear District Judge Chen:

 I am counsel for Receivable Collection Services, LLC, the Defendant named in the above-entitled lawsuit. I write to request that Your Honor schedule a pre-motion conference as the Defendant wishes to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

 The Complaint alleges that my client violated the Fair Debt Collection Practices Act ("FDCPA") in the attempt to collect a medical debt owed by the Plaintiff. However, the entirety of the FDCPA allegations are based upon a telephone call initiated by a person who, upon information and belief, is associated with a credit counseling company. As this communication was triggered by someone *other* than the debt collector, there can be no application of the FDCPA. *Sandoval v. I.C. Sys.*, 2018 WL 1582218 (E.D.N.Y.) *citing Hawkins-El v. First Am. Funding, LLC,* 891 F. Supp.2d 402, 411 (E.D.N.Y. 2012); *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp.2d 311, 329 (D. Conn. 2012); *Boyd v. J.E. Robert Co.,* 2010 WL 5772892, at *13 (E.D.N.Y.); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, at *2 (N.D.N.Y.).

 Even if the telephone call was initiated by the Defendant, there would still be no FDCPA coverage. The subject statements were made to the Plaintiff's representative to whom Plaintiff granted power of attorney to act on her behalf. Statements made to an attorney are not covered by the FDCPA. Chief Judge Dora Irizarry, in *Sandoval v. I.C. Sys., supra*, expressly extended this rationale to credit counselors:

> "The Second Circuit has indicated that it has "grave reservations" about extending the FDCPA's protections to misrepresentations to attorneys. *See Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002)* ("[T]his Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to *attorneys* for putative debtors cannot constitute violations of the FDCPA."). While Mrs. Reyes is not an attorney, given the FDCPA's purpose in "establish[ing] certain rights *for consumers*" (*Id.* (emphasis added) (citing DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001)), and the Second Circuit's reluctance to extend the FDCPA's protections to third parties, this Court declines to extend the FDCPA's protections to credit counselors who, like attorneys, act as intermediaries."

                                                                                              2
*Sandoval*, *8-*9.

In the matter of *Vernot v. Pinnacle Credit Servs., LLC*. 2017 WL 384327 (E.D.N.Y.), Edward Geller, the attorney representing the herein Plaintiff, alleged similar allegations of FDCPA violations based allegedly violative statements made to a consumer's retained credit counselor. District Judge Joseph Bianco also cited to *Kropelnicki v. Siegel* and dismissed the Complaint for failure to state an FDCPA cause of action.

The Plaintiff's allegation that the Defendant violated the FDCPA by advising that the Plaintiff, and not the Defendant, was required to dispute the debt with a credit bureau is also baseless. Again, Chief Judge Irazarry in *Sandoval supra*, provided all that is required to discard of this baseless claim:

> "Here, there is nothing false, deceptive, or misleading about Defendant's referral of Plaintiff to either Time Warner Cable or the *credit bureaus to dispute his account* (italics added). Plaintiff's argument to the contrary is routinely rejected by the courts. *See, e.g., Acevedo v. Pinnacle Credit Servs., L.L.C., 2017 U.S. Dist. LEXIS 22585, 2017 WL 658715, at \*3 (S.D.N.Y. Feb. 14, 2017)* ("There is nothing false or deceptive about directing Reyes to contact Diversified Consultants.); *Id.* (citing *Khan v. Pinnacle Credit Servs., L.L.C., Dkt. No. 15-CV-2266, Opinion & Order at 9, 2016 U.S. Dist. LEXIS 54024 (E.D.N.Y. Jan. 27, 2016)* (Dkt.No. 23) ("So long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party."); **Vernot, 2017 U.S. Dist. LEXIS 14835, 2017 WL 384327, at \*4-5**".

*Sandoval*, *7-*8.

Plaintiff further alleges that the Defendant violated the FDCPA by advising Plaintiff's credit counselor that the Defendant would no longer communicate with the Plaintiff. The absurdity of Plaintiff's claim is demonstrated by the fact that the Plaintiff had authorized her credit counselor, via power of attorney, to communicate with the Defendant on her behalf. Thus, the Defendant's assertion that it would no longer contact the Plaintiff is logically proper. Indeed, had the Defendant communicated with the Plaintiff directly after receiving the power of attorney, no doubt the Plaintiff would have claimed that any such direct communication constituted a violation of the FDCPA.

A simple review of the baseless allegations set forth in the Complaint demonstrates the same type of "fishing for an FDCPA violation" lawsuit which is the subject of the decision issued a mere three days ago by the U.S. Court of Appeals for the Second Circuit. *Huebner v. Midland Credit Mgmt.*, 2018 U.S. App. LEXIS 19954 (2d Cir.)(affirming sanctions ordered against FDCPA plaintiff and his attorney). Notwithstanding, Plaintiff's attorney, Edward Geller, was placed on notice that the FDCPA claims set forth in the herein Plaintiff's Complaint are without merit based upon his participation as counsel for the plaintiffs in the *Sandoval* and *Vernot* lawsuits discussed heretofore. Also, Mr. Geller was the attorney for the plaintiff named in *Acevedo v. Pinnacle Credit Servs., L.L.C.,* 2017 2017 WL 658715, at *3 (S.D.N.Y.). Said lawsuit, cited by Chief Judge Irazarry as set forth above in her *Sandoval* decision, concerned the

3

same telephoning of a debt collector by a consumer credit counselor acting on behalf of the consumer named as the plaintiff therein.

The herein lawsuit, filed by Mr. Geller with his knowledge of multiple FDCPA case decisions confirming that statements made by debt collectors to credit counselors in conjunction with telephone calls to debt collectors initiated by credit counselors cannot serve as a basis for FDCPA lawsuits, has disrupted the herein Defendant's course of business and caused it to incur unnecessary attorneys fees. I refer Your Honor to *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 2018 U.S. Dist. LEXIS 54919 (E.D.N.Y.) wherein Senior District Judge I. Leo Glasser recently directed a consumer attorney to appear and show cause why he should not be sanctioned for filing an FDCPA lawsuit alleging FDCPA claims that the attorney knew were patently baseless.

The decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) set forth a standard of pleading requirement in order to allege a cause of action under Fed. R. Civ. P. 8. In *Twombly*, the Supreme Court held that a federal complaint must contain factual allegations which "must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court further stated that there must be sufficient facts to state a claim to relief that is "plausible on its face." *Id* at 570. See also *Hayden v. Patterson*, 594 F.3d150, 160-61 (2d Cir. 2010). In *Iqbal*, the Supreme Court held that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." 129 S.Ct. at 1949.  A complaint must state "a plausible claim for relief" in order to defeat a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Id*. "Plausibility" does not give rise to the level of probability but requires more than a sheer possibility that a defendant has acted unlawfully. *Barbosa v. Continuum Partners, Inc.*, 716 F.2d 210, 215 (S.D.N.Y. 2010); *Villager Pond. Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss a complaint, a court must accept as true the factual allegations of the complaint and draw all inferences in favor of the pleader. *Mills v. Polar. Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); However, a court is not required to accept the truth of legal conclusions couched as factual allegations. *Papason v. Allain*, 478 U.S. 265, 286 (1986).  Based thereon, and for the reasons set forth heretofore herein, the Plaintiff's Complaint fails to set forth sufficient facts to establish any plausible FDCPA claim. Thus, a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is warranted.

                                      Respectfully submitted,

                                      / s /  *Robert L. Arleo*

                                      Robert L. Arleo

RLA:gra
cc: All attorneys of records via ECF