UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JEFF CAMEAU,                                          Civil Action No.:

                Plaintiff,

    -against-                                       **COMPLAINT**

NATIONAL RECOVERY AGENCY , INC.,        **DEMAND FOR JURY TRIAL\\**

                Defendant(s).
------------------------------------------------------------------X

      Plaintiff JEFF CAMEAU ("Plaintiff") by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant NATIONAL RECOVERY AGENCY, INC. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

    2.    Plaintiff JEFF CAMEAU is a resident of the State of New York, residing at 144 Wellington Road, Elmont, New York 11003.

    3.    Defendant NATIONAL RECOVERY AGENCY, INC. is a Pennsylvania corporation engaged in the business of debt collection with an office address at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

    4.    The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA

under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, the Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about May, 2014 by placing calls to his home telephone number of 516 775 2493 and at his mobile number of 347 604 1825.

11. Defendant's calls were identified as originating from number 800 360 4319.

12. In October 2013, Plaintiff had received similar unauthorized calls for which he sought legal representation with the undersigned. Believing the calls to be from the same source, Plaintiff placed a telephone number to Defendant at the above number on May 29, 2014.

13. Upon being connected to Defendant, Plaintiff heard Defendant's recorded greeting which stated only, "Calls may be recorded," and directed the caller to dial an extension number. Plaintiff did not dial an extension number and presently he was connected to an individual who came on the line saying, "Calls may be recorded, may I help you?"

14. Plaintiff informed the representative that he was receiving calls from Defendant and inquired Defendant's company name. Defendant's representative ignored Plaintiff's inquiry and proceeded to identify himself as "Chris Nash" and state that the communication was from a debt collector to collect a debt.

15. Mr. Nash then identified the creditor which Plaintiff recognized as the same creditor for which he was previously represented by the undersigned. Plaintiff expressed his confusion about why his attorney was not being contacted instead of him. Mr. Nash asked for Plaintiff's attorney's contact information and Plaintiff replied that he would call back to provide it.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Pursuant to 15 USC §1692d(6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

18. In violation of 15 USC §1692d(6), Defendant's representative, "Chris Nash," refused to identify Defendant's company name to Plaintiff in telephone conversation of May

29, 2014. Defendant exhibits further lack of disclosure when consumers call Defendant's telephone number of 800 360 4319, as Plaintiff did, and Defendant's recorded greeting states only that "Calls may be recorded," and agents who come on the line have been trained by Defendant to say only, "Calls may be recorded, may I help you?"

19. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

20. Defendant violates 15 USC §1692 e – preface and e (10) by Defendant's representative, "Chris Nash" deceptively refusing to reveal Defendant's company name and by Defendant concealing pertinent facts about their identity to consumers who reply to telephone calls from Defendant at number 800 360 4319 by deliberately and purposefully making no mention of Defendant's company name.

21. 15 USC §1692f – preface prohibits a debt collector from using any unfair and unconscionable means to collect a debt.

22. The Defendant violated 15 USC §1692f – preface when Defendant directed multiple unauthorized telephone calls to Plaintiff's mobile telephone from telephone number 800 360 4319 and unfairly refused to identify themselves to Plaintiff.

23. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants.

 A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

 B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

 C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

 D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

 E. A declaration that the Defendant's practices violated the FDCPA;

 F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
    May 14, 2015

         Respectfully submitted,

         By: *[signature]*
         Edward B. Geller, Esq., P.C. Of Counsel to.
         M. HARVEY REPHEN & ASSOCIATES, P.C.
         15 Landing Way
         Bronx, New York 10464
         Phone: (914)473-6783

         *Attorney for the Plaintiff* JEFF CAMEAU

To: **National Recovery Agency, Inc.**
   2491 Paxton Street
   Harrisburg, PA 17111

   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Eastern of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

JEFF CAMEAU,

                              Plaintiff(s),

    -against-

NATIONAL RECOVERY AGENCY, INC.,

                              Defendant(s).

## COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783