EDWARD B. GELLER, ESQ., P.C.
15 Landing Way
Bronx, New York 10464
Tel: (914)473-6783

August 16, 2018

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Case No. 18-cv-04103
    Abreu v. Receivable Collection Services, LLC

Dear Judge Chen:

I am Of Counsel to M. Harvey Rephen & Associates, P.C., attorneys for Plaintiff
Bianca Abreu in the above captioned matter.   I am submitting this opposition to Defendant
Receivable Collection Services, LLC's letters dated August 2, 2018 and August 9, 2018 in which
Defendant asked Your Honor to retain jurisdiction over this lawsuit to enable Defendant to file a
motion for fees and costs pursuant to 28 U.S.C. Section 1927 and pursuant to the "inherent power"
of the Court.

This action was commenced as a result of Defendant's violation of the Fair Debt Collection
Practices Act (FDCPA), Section 1692e(8), which states that communicating or threatening to
communicate to any person credit information which is known, or which should be known to be
false, including the failure to communicate that a disputed debt is disputed, is a violation of the
statute.   After noticing an account appearing on her credit report dated September 29, 2017 being
reported by the Defendant, Plaintiff retained the services of EM Consumer, a credit repair
company.   On October 10, 2017, Patricia, a representative of EM Consumer, placed a telephone
call to Defendant on behalf of Plaintiff to obtain information about the alleged debt.   Defendant
acknowledged receiving a Power of Attorney from Plaintiff allowing EM Consumer to speak on
Plaintiff's behalf.   Defendant provided the EM representative with the name of the alleged
creditor, the date of service, and the balance.   The EM representative said Plaintiff did not believe
she owed the alleged balance and wanted to dispute the account.   Defendant said it would place
the account in dispute.   EM's representative asked when the Defendant would report the dispute
to the credit bureaus.   Defendant said it would not notify the credit bureaus of the dispute.   The
call then ended.   Later that same day, another representative from EM received a phone call from
Defendant saying that Defendant would in fact notify the credit bureaus of the dispute. Defendant
violated the FDCPA by initially telling Plaintiff's representative that it would not report the
dispute to the credit bureaus.

On July 22, 2018, Defendant's counsel filed a letter requesting a pre-motion conference to allow it to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   After reviewing all of the facts with our client we agreed to dismiss the action.   Subsequently, Defendant submitted letters on August 2, 2018 and August 9, 2018 asking this Court to retain jurisdiction despite the dismissal. Defendant's request should be denied.

In its August 9th letter, Defendant cites *Cameau v. National Recovery Agency*, 15-cv-02861 where Judge Tomlinson recommended that Judge Denis Hurley compel Plaintiff's attorney to pay attorney fees and costs incurred by a debt collector, pursuant to Fed. R. Civ. P. 11.   Mr. Arleo may not be aware of the fact that at his deposition, Mr. Cameau said he did not remember speaking with an individual from National Recovery Agency, while Mr. Cameau had in fact provided M. Harvey Rephen & Associates, P.C., his retained counsel, with a recording of that call.   It was on the basis of that recording that the Cameau matter was filed.   We are filing an objection to the Report and Recommendation on that basis.

Plaintiff filed this action in good faith.   Case law supports Plaintiff's theory that the FDCPA can apply to third parties acting on behalf of Plaintiff.   See *Evory v. RJM Acquisitions Funding, LLC*, 505 F. 3rd 769, 7th Cir.   While other Courts may not have accepted *Evory* as binding, it is still there and it is not unreasonable to believe that the Second Circuit may decide at some point that it should recognize *Evory* as good law.   In any event, Plaintiff dismissed this matter without any extensive activity or time being spent on it.   Defendant's request should be denied.

Very truly yours,

Edward B. Geller, Esq.
EBG/pw