UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x    18-cv-04103 (PKC)(LP)

BIANCA ABREU,

          Plaintiff

    -against-                        AFFIDAVIT IN SUPPORT OF
                                        MOTION FOR ATTORNEYS FEES

RECEIVABLE COLLECTION SERVICES,
LLC,

          Defendant

--------------------------------------------------------x

MARK HABLENKO, being duly sworn, hereby sets forth the underlying to be true under the penalties of perjury:

1. I am President of Receivable Collection Services, LLC, the Defendant named in the above entitled lawsuit (hereinafter "RCS"").

2. I submit the herein affidavit in support of the Defendant's motion to compel the Plaintiff, Bianca Abreu, and her attorneys, Edward Geller and M. Harvey Rephen, to pay the attorneys fees incurred by RCS in conjunction with the defense of the above-entitled lawsuit.

3. The herein facts were derived (in part) from my personal interaction with attorney Rephen in conjunction with his advancement of previous similar baseless claims of violation of the Fair Debt Collection Practices Act (FDCPA) as are alleged in the herein lawsuit.

4. In March 2016, Mr. Rephen sent a letter to me with a draft Complaint on behalf of one of his clients. The Complaint alleged that RCS violated the FDCPA as a result of a telephone conversation engaged in by an RCS employee and a person who advised that she was calling from a credit counseling service by the name of S&W Protection and Management (SWPM). Mr. Rephen's client had retained SWPM in conjunction with a debt which RCS was attempting to collect. The telephone call was initiated by the SWPM employee. Without admitting any liability, and solely to avoid the attorneys fees and cost associated with defending the threatened federal lawsuit, I agreed to pay money to Mr. Rephen to resolve the matter.

5. In May 2016, Mr. Rephen again sent a similar letter and a draft Complaint alleging claims for violation of the FDCPA that allegedly originated from a conversation between an RCS employee and a person calling from a credit counseling service by the name of Asset Protection and Management (APM). Similar to the matter referenced in paragraph 4 heretofore herein, Mr. Rephen's client in this matter had retained a credit counseling company in conjunction with a debt which RCS was attempting to collect. I believed that the allegations set forth in the draft Complaint were not justified. I then engaged in email communications with Mr. Rephen in the attempt to prove same. It was now clear to me that Mr. Rephen was engaged in an obvious pattern of attempting to obtain money from RCS based upon baseless claims for FDCPA violations which supposedly occurred during telephone conversations between RCS collectors and persons employed by credit counseling companies which Mr. Rephen's clients had retained to initiate fishing expedition telephone calls in the attempt to create claims for violation of the FDCPA. Thus, I refused to pay Mr. Rephen any money. After I sent an email on July 5, 2016 to

Mr. Rephen, I did not hear anything further from Mr. Rephen and the draft Complaint was never filed.

6. I attach herewith as Exhibit "1" a copy of the documents relevant to the matter referenced in paragraph 5 heretofore herein.

7. On June 29, 2018, RCS was served with the summons and Complaint in the original Queens Civil Court lawsuit which was then removed to this federal court.

8. RCS only reports to Experian credit reporting agency. The Plaintiff's dispute was entered into the RCS system on the date the subject telephone call was placed to RCS. The entry of the dispute resulted in an automatic update to Experian wherein the dispute was reported.

9. After consulting with attorney Robert Arleo, I decided to fight the Queens Civil Court lawsuit and tendered a $5,000.00 flat fee to Mr. Arleo's law firm on behalf of RCS for the purpose of removing the Queens Civil Court lawsuit to this federal court and defending the lawsuit herein.

10. After Mr. Arleo forwarded a copy of the letter dated August 2, 2018 which was sent by Plaintiff's attorney Edward Geller to the Honorable Pamela K. Chen, advising therein that the Plaintiff would dismiss the herein lawsuit, I decided to seek the attorneys fees incurred by RCS in conjunction with the above-entitled lawsuit and thereafter forwarded an additional $2,500.00 to Mr. Arleo to pay for legal services in regard to the attempt to obtain an order compelling the Plaintiff and her attorneys to pay the legal fees incurred by RCS in regard to the herein lawsuit.

DATED: Floral Park, New York
        September 17, 2018

_____
MARK HABLENKO

STATE OF NEW YORK    COUNTY OF NASSAU ss.

On the 17th day of September, in the year 2018 before me, the undersigned, personally appeared MARK HABLENKO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Affidavit and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
Notary Public

LINDA HAND
Notary Public, State of New York
Registration #01HA6187505
Qualified in Nassau County
Commission Expires May 19, 2012 2020