UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x    18-cv-04103 (PKC)(LP)

BIANCA ABREU,

                Plaintiff

      -against-


RECEIVABLE COLLECTION SERVICES,
LLC,

                Defendant

--------------------------------------------------------x


DEFENDANT'S MEMORANDUM OF LAW
IN REPLY TO PLAINTIFF'S OPPOSTION TO
DEFENDANT'S MOTION FOR ATTORNEY'S
FEES AND COSTS PURSUANT TO 28 U.S.C.
§ 1927 AND THE "INHERENT AUTHORITY"
<u>OF THE FEDERAL COURTS</u>


                                            ROBERT L. ARLEO, ESQ.
                                            380 Lexington Avenue
                                            17th Floor
                                            New York, New York 10168

## PRELIMINARY STATEMENT

Defendant Receivable Collection Services, LLC files the herein reply in response to the Plaintiff's opposition to the Defendant's motion for attorneys fees and costs pursuant to 28 U.S.C. § 1927 ("Section 1927") and pursuant to the inherent power of the court. It is important to note that the Plaintiff's opposition Memorandum is a sloppy and professionally careless attempt to refute the Defendant's strong argument for sanctions. In fact and law, Plaintiff's opposition Memorandum provides further support for the Defendant's request for costs and fees. Thus, for the additional reasons set forth below, this Court has a basis to sanction Plaintiff's counsels under both Section 1927 and the inherent power of this federal court.

## THE SECTION 1927 CASES CITED BY THE PLAINTIFF PROVIDE A FURTHER BASIS FOR SECTION 1927 SANCTIONS

Those cases cited by Plaintiff provide further support for awarding the Section 1927 sanctions requested by the herein Defendant. Plaintiff cites to *Sam and Mary Housing Corp. v. New York State*, 632 F. Supp. 1448 (S.D.N.Y. 1986) for the premise that Section 1927 requires a showing that an attorney acted in bad faith to willfully abuse the judicial process. Clearly, Plaintiff's attorneys were well aware from numerous previous decisions that the Plaintiff's Fair Debt Collection Practices Act (FDCPA) claims against the herein Defendant are baseless yet these attorneys acted in bad faith and willfully abused the judicial process by filing the herein lawsuit and then compelling the Defendant to remove the lawsuit to this district court.

Plaintiff cites to *EEOC v. U.S. Steel Corp.*, 877 F. Supp. 2d 278 (W.D. Pa. 2012) for the premise that Section 1927 requires a finding of bad faith, not just "…misunderstanding, bad judgment or well-intentioned zeal.". It cannot be said that Plaintiff's attorneys misunderstood the baseless nature of the Plaintiff's FDCPA claims due to the numerous prior adverse decisions issued in regard to these very same claims. Indeed, the filing of the herein lawsuit was done in bad faith and not based upon bad judgment or well-intentioned zeal.

Plaintiff cites to *Murray v. Playmaker Services, LLC*, 548 F. Supp. 1378 (S.D. Fla. 2008) for the premise that an attorney acts in bad faith when he knowingly or recklessly pursues a frivolous claim and that "mere negligence" is insufficient. Here, Plaintiff's attorneys acted in bad faith by knowingly and recklessly pursuing frivolous FDCPA claims against the herein Defendant. It cannot be argued that Plaintiff's attorneys were merely negligent in filing the herein lawsuit based upon their knowledge of the other numerous decisions rejecting the

2

identical FDCPA claims.

PLAINTIFF'S FURTHER ATTEMPT
TO RELY UPON A SEVENTH CIRCUIT
<u>DECISION IS WITHOUT MERIT</u>

In her opposition Memorandum, the Plaintiff attempts to refute Defendant's well-reasoned argument that *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) is not applicable to the facts herein. The Defendant reasserts that *Evory* concerned a debt collection call initiated by a debt collector, as opposed to a call initiated by someone other than the debt collector, as is the case herein. Plaintiff's attempt to apply *Evory* based upon the Defendant's prior attempts to collect the Plaintiff's debt, via credit reporting and the placement of a voice message, is asserted in further bad faith. The facts in *Evory* are simply not applicable to the facts of each and every lawsuit filed by Plaintiff's attorneys which have been soundly rejected by district courts in the Second Circuit geography.

ANOTHER ON POINT FDCPA
DECISION PROVIDES FURTHER
SUPPORT FOR SANCTIONS
<u>AGAINST PLAINTIFF'S COUNSELS</u>

Yet another decision rejecting the same FDCPA claims alleged by Plaintiff's attorneys was issued a mere three days ago by District Judge Frederic Block of this federal district court, *Williams v. Harris*, 2018 U.S. Dist. LEXIS 181595 (E.D.N.Y. October 24, 2018). Therein, District Judge Block stated (in part):

> "First, the Court has repeatedly expressed doubt that the statute's protections extend to communications made to anyone than the consumer. Just a few months ago, for example, Chief Judge Irizarry persuasively concluded that FDCPA protections do extend to third parties, including non-attorneys like Gisela. See

> *Sandoval v. I.C. Sys.*, 2018 WL 1582218, at *2 (E.D.N.Y. Mar. 29, 2018); see also *Vernot v. Pinnacle Servs, L.L.C.,* 2017 WL 384327 (E.D.N.Y. Jan. 26, 2017). Furthermore, the Chief Judge observed that "courts in this circuit have held that the FDCPA's protections are not triggered by communications by someone other than the debt collector." *Id.* at *3 (citing *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 401, 411 (E.D.N.Y. 2012). Thus, William's claims are foreclosed for at least two reasons: (1) HKA's statements were made to Gisela and not Williams, and (2) the communication was not initiated by HKA.
>
> The Second Circuit has not definitively ruled on these issues, and neither *Sandoval* nor *Vernot* is binding on the Court. Nonetheless, the Court is troubled by the fact that Mr. Geller, who represented the plaintiff in both *Sandoval* and *Vernot*, and who represents Williams here, did not even acknowledge, much less address, the recent holdings that squarely preclude his client's claims."

Attached hereto as Exhibit 1 is a copy of the opposition memorandum filed by Plaintiff's attorneys in *Williams v. Harris*. Plaintiff's attorneys entire argument against the herein Defendant's request for sanctions is based upon *Evory v. RJM Acquisitions Funding, supra*. Yet if Plaintiff's attorneys truly believed *Evory* supports the claims alleged herein, they surely would have cited to *Evory* in the opposition memorandum filed in *Williams v. Harris.*

## CONCLUSION

For the additional reasons set forth heretofore, the Defendant's motion for costs and fees should be granted in its entirety.

DATED: New York, New York
          October 26, 2018

                                            / s / *Robert L. Arleo*
                                            ROBERT L. ARLEO