EDWARD B. GELLER, ESQ., P.C.
15 Landing Way
Bronx, New York 10464
Tel: (914)473-6783

May 9, 2019

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

Re: Case No. 18-cv-04103
    Bianca Abreu v. Receivable Collection Services LLC

Dear Judge Chen:

I am of Counsel to M. Harvey Rephen & Associates, P.C., Counsel for Plaintiff Bianca Abreu, and am writing in response to the Memorandum & Order dated April 26, 2019 which requires Plaintiff's counsel to show cause why he should not be sanctioned for violating Federal Rule of Civil Procedure 11(b)(2) or under the Court's inherent power.

In the Memorandum and Order, the Court noted that "Plaintiff's claim includes both a procedural and a substantive component.  The procedural component, *i.e.*, whether the FDCPA applies to communications by debt collectors to third parties….and the substantive component of Plaintiff's FDCPA claim, *i.e.*, that Defendant violated the FDCPA when it mistakenly told Plaintiff's representative that it would not report that Plaintiff disputed the debt directly to the credit bureaus."  The Court questioned the merit of the substantive argument.

Plaintiff's substantive claim is not without merit.  In *Brady v. Credit Recovery Co., Inc.*, 160 F3d 64 (1988), the First Circuit Court of Appeals said that a debt collector who knows or should know that a given debt is disputed is required to disclose its disputed status to persons inquiring about an individual's credit history.  It is surely not unreasonable to expect person inquiring about an consumer's credit history to review a credit report for the consumer.  If the credit bureaus have not been advised as to the dispute, in this case by Defendant who knows or should know that a given debt is disputed, the person looking into the consumer's credit history will not be aware that this particular debt appearing on the credit report is disputed.  As a result, the consumer will be harmed by the incorrect information appearing in the credit report.

In addition, the Memorandum and Order did not address the Plaintiff's claim under Section 1692e-preface, which prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt, when Defendant's representative stated that he would notate the file that the Defendant would not contact the Plaintiff or send her written correspondence.  This statement is deceptive and an attempt to mislead the Plaintiff, who never asked for a cease and desist.   Plaintiff only asked that Defendant notify the credit bureaus that the account was being disputed.  Likewise, Section 1692f-preface, which prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt, was also violated by Defendant for the same reason.   Defendant's statement about no longer contacting the Plaintiff was unfair and unconscionable because it did not address the issue Plaintiff brought up, namely asking Defendant to notify the credit bureaus that the account was in dispute.

FRCP 11(b)(2) states as follows:   "By presenting to the court a pleading, written motion, or other paper---whether by signing, filing, submitting, or later advocating it---an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law";

As can be seen by the *Brady* case cited above, the argument raised in our complaint does have merit.   It is not frivolous or without a legitimate basis.

The question of whether or not sanctions are merited in this matter must be carefully considered by this Court.   The fact that there may be cases on point which support Plaintiff's argument is not a reason to issue sanctions.   Cases like *Brady* have recognized the importance of disputed claims being made known to individuals considering whether or not to extend someone credit.   This is important for both the consumer and potential creditors.   If the Court issues sanctions in this matter, it will serve as a sword hanging over the heads of consumers who legitimately believe that they were the victims of FDCPA violations.   Interpretations of the law are not static. Cases that were accepted as precedential get overturned.   Obviously there are cases where sanctions are merited.   But those should be reserved for the most egregious violations of Rule 11(b)(2).   Under the facts and proceedings in this matter, sanctions are not merited.

Very truly yours,

Edward B. Geller, Esq.
EBG/pw