***ROBERT L. ARLEO, ESQ. P.C.***
380 Lexington Avenue, 17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                              Fax: (518) 751-1801
Email: robertarleo@gmail.com

                                                                            May 11, 2019

Honorable Pamela K. Chen
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

                         Re: Abreu v. Receivable Collection Services, LLC
                              18-cv-04103 (PKC)(LB)

Dear District Judge Chen:

   I am counsel for Receivable Collection Services, LLC, the Defendant named in the above-entitled action. Please consider this correspondence as Defendant's response to the letter (Dkt. No. 21) dated May 9, 2019 by attorney Edward Geller, Of Counsel to the law office of M. Harvey Rephen & Associates, P.C., attorneys of record for the Plaintiff.  Said letter was filed in response to Your Honor's Order, issued on April 26, 2019, directing Plaintiff's counsels to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(b)(2) or the inherent power of the Court. For the reasons set forth below, Mr. Geller has failed to demonstrate the requisite cause why sanctions should not issue.

   As recognized by Your Honor on page 4 of the show cause order, footnote 3 therein, the Defendant also seeks sanctions against attorney Harvey Rephen. However, Mr. Geller does not address this request and, tellingly, Mr. Rephen submitted nothing in response to the order to show cause.

   In his letter, Mr. Geller cites to a total of *one case*, *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998), in an alleged effort to show cause why sanctions should not issue. However, *Brady* is clearly factually distinguishable and, thus, inapplicable to the herein Plaintiff's claims. In *Brady*, the defendant debt collector sent a letter to the consumer plaintiff demanding payment of a debt for unpaid rent. Plaintiff orally explained that his ex-wife had signed the subject lease alone, thus plaintiff had no obligation to pay the unpaid rent. Plaintiff never put the dispute in writing as the defendant requested. Thereafter, a mortgage company contacted the defendant to inquire about the unpaid rent debt. In response to the inquiry, the defendant failed to report that the consumer had previously disputed responsibility for the rent debt. In his complaint, the plaintiff alleged that the defendant violated the FDCPA, and related state law obligations, by failing to inform the mortgage company that the plaintiff disputed the debt. The district court dismissed plaintiff's claim, but the First Circuit Court of Appeals reversed and remanded, finding that the defendant had an obligation under 15 U.S.C.S. § 1692e(8) to communicate the disputed status of plaintiff's debt to the mortgage company if it knew that the debt was disputed. In the above-entitled action, no such third party inquiry was made to the herein Defendant nor did the

herein Defendant advise the Plaintiff's credit counselor that it would not advise third parties who may inquire that the Plaintiff disputed the debt which the Defendant was attempting to collect.

In his original attempt to explain the sanctionable conduct he and Mr. Rephen committed, Mr. Geller relied solely upon the argument that the Second Circuit could adopt the holding of the Seventh Circuit issued in *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007). Your Honor expressly cited to Mr. Geller's reference to *Evory* on page 5 of the show cause Order and to his attempted utilization thereof. Therein, Your Honor correctly recognized that the *Evory* argument was rejected in the *Sandoval, Vernot* and *Williams* cases filed by Mr. Geller and Mr. Rephen in this federal district court. Importantly, Mr. Geller fails to address these cases and otherwise makes no mention of *Evory* in his May 9, 2019 letter. Obviously, Mr. Geller understands that his *Evory* argument is frivolous for the very reasons set forth by Your Honor in the show cause order.

Importantly, Mr. Geller did not address Your Honor's reference by analogy to *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 2018 WL 1582220, at *5 (E.D.N.Y.), wherein Senior Judge Glasser of this federal district court characterized a baseless FDCPA lawsuit as a "shakedown".

Mr. Geller's argument, set forth in the first paragraph of page 2 of his May 9, 2019 letter, is a further demonstration of Mr. Geller's willingness to advance a frivolous argument. Therein, he attempts to paint Defendant's advisement to Plaintiff's credit counselor that it would not communicate with the Plaintiff any further as an FDCPA violation. His argument as to why said advisement was improper is pure folly.

In sum, Mr. Geller's letter merely further demonstrates that the above-entitled lawsuit was commenced solely to obtain a nuisance value settlement. *Timoshenko*, 2018 WL 1582220, at *5 Respectfully, Your Honor should set a date for a court hearing in regard to the show cause order so that there can be no issue as to whether or not Mr. Geller, and, by extension, Mr. Rephen, received every opportunity to address the show cause order.

                                            Respectfully submitted,

                                            / s / *Robert L. Arleo*

                                            Robert L. Arleo

RLA:gra
Receivable Collection Services, LLC
cc: All attorneys of records via ECF