UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BIANCA ABREU,

                  Plaintiff,

      - against -

RECEIVABLE COLLECTION SERVICES,
LLC,

                  Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-4103 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On April 26, 2019, the Court issued an Order to Show Cause directing Plaintiff's counsel to show cause why he should not be sanctioned for violating Federal Rule of Civil Procedure 11(b)(2) ("Rule 11") or under the Court's inherent power for filing a case with no merit in bad faith.[1] *Abreu v. Receivable Collection Services, LLC*, No. 18-CV-4103 (PKC) (LB), 2019 WL 1876722, at *7 (E.D.N.Y. Apr. 26, 2019). Plaintiff's counsel, Edward Geller, and Defendant's counsel both submitted letters in response. (Dkts. 21, 22.) Although Geller has failed to address the Court's concerns about his conduct in this case, because the Court lacks authority under Rule 11 to impose sanctions in a case removed from state court to federal court, the Court declines to issue sanctions against Plaintiff's counsel.

## DISCUSSION

**I.**    **The Court's Unaddressed Concerns about Plaintiff Counsel Geller's Conduct**

In its prior decision on Defendant Receivable Collection Service's motion for sanctions, the Court expressed serious doubts about Geller's decision to bring the instant action alleging a

---

[1] The Court assumes the parties' familiarity with the facts and analysis contained in the Court's April 26, 2019 Order and incorporates them herein.

1

violation of the Federal Debt Collection Practices Act ("FDCPA") based on a theory that has been consistently rejected in this Circuit. *See Abreu*, 2019 WL 1876722, at *4 ("The Court is confounded by the actions of Plaintiff's counsel."); *see also id.* ("[T]he Court is perplexed as to why Plaintiff's counsel would voluntarily dismiss this case when, in order to get the Second Circuit to adopt his argument, he would need to prosecute the case to a final judgment."); *id.* ("Plaintiff's counsel's representations that he filed this claim in good faith, when his actions speak otherwise, lead the Court to suspect that Plaintiff's counsel might be motivated to bring these lawsuits for other reasons, such as obtaining a nuisance-value settlement from Defendant.")

Geller's response to the Court's Order to Show Cause does little to assuage the Court's concerns. The Court has questioned Geller's decision to bring a claim that Defendant violated § 1692e(8) of the FDCPA when the "overwhelming weight of persuasive authority" in the Second Circuit does not find that § 1692e(8) imposes an affirmative duty on debt collectors to update credit bureaus on whether a consumer's debt was disputed. *Id.* at *6 (citing *Rogers v. Overton, Russell, Doerr & Donovan, LLP*, No. 16-CV-00784 (MAD) (CFH), 2017 WL 570811, at *3 (N.D.N.Y. Feb. 13, 2017)); *see also Rogers*, 2017 WL 570811, at *3 (finding that debt collectors were not required to report that a debt was disputed if it learned of the dispute after it had already reported the debt to a credit bureau). Yet, in his response, Geller ignores the caselaw in this Circuit, instead citing to a single First Circuit case, *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir. 1988). In *Brady*, the First Circuit found that a consumer need not communicate his or her dispute regarding a debt in writing in order to trigger the debt collector's obligations under §1692e(8). *See Brady*, 160 F.3d at 66–67. However, *Brady* did not hold that a debt collector must affirmatively tell a credit bureau that a debt is in dispute, if it had previously reported the debt, nor did *Brady* even address this issue. *See id.* at 67 ("[Section] 1692e(8) merely requires a debt collector who

2

knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history."). Thus, aside from being a decision from a different Circuit, it is inapposite to Plaintiff's FDCPA claim.

Furthermore, as the Court previously expressed, while Geller "is protected from sanctions if he makes a reasonable argument for the extension, modification, or reversal of contrary decisions[,] . . . [he] must be frank about the current status of his legal claims and pursue those novel claims in a logical fashion." *Abreu*, 2019 WL 1876722, at *4. And if Geller, in fact, was interested in getting the Second Circuit to adopt his argument, based on the reasoning of *Brady*, "he would need to prosecute the case to a final judgment[,]" instead of voluntarily dismissing it, as he has done. *Abreu*, 2019 WL 1876722, at *4.

Geller's other arguments also do not convince the Court that he believes this FDCPA case has merit. First, Geller completely fails to address the Court's determinations that even assuming *arguendo* a debt collector has an affirmative duty under § 1692e(8) to advise a credit bureau that a debt is in dispute, Geller's theory would likely be foreclosed by the FDCPA's bona fide error defense, *see* 15 U.S.C. § 1692k(c), or the implied requirement of materiality, *see Scaturro v. Northland Grp., Inc.*, No. 16-CV-1314 (SJF) (GRB), 2017 WL 415900, at *3 (E.D.N.Y. Jan. 9, 2017) ("several other circuits, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt") (internal quotations and citation omitted).

Second, Geller's argument that he presented other valid claims, under §§ 1692e and/or 1692f of the FDCPA—namely, that Defendant acted in a deceptive and/or unconscionable way when it told Plaintiff Abreu's representative that it would no longer contact Abreu—is nonsensical. "Congress enacted the FDCPA to protect against the abusive debt collection practices likely to

3

disrupt a debtor's life." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (internal quotations and citation omitted). The FDCPA therefore limits the amount and type of contact that debt collectors can have with consumers. *See, e.g.*, 15 U.S.C. § 1692d (prohibiting "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"). Debt collectors, under the FDCPA, are not allowed to contact consumers directly "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2). Though Plaintiff's representative was not an attorney-at-law, she submitted a "Power of Attorney" form to Defendant (Complaint, Dkt. 1-2, ¶ 20) making her an attorney-in-fact and therefore subject to this requirement. *See Robinson v. I.C. Sys., Inc.*, No. 16-CV-2972 (BMC), 2016 WL 6462278, at *2 (E.D.N.Y. Nov. 1, 2016) (noting that the FDCPA "does not distinguish between an attorney at law and an attorney in fact, *i.e.*, one appointed pursuant to a power of attorney"). Thus, Geller's purported theory that Defendant violated §§ 1692e and/or 1692f of the FDCPA by refusing to communicate directly with Plaintiff Abreu, when she had a representative, is flatly contradicted by the FDCPA itself and the related caselaw.

In sum, Geller has done nothing to persuade the Court that he initiated this action in good faith and believing that his theory of the alleged FDCPA violation was viable in this Circuit. Nor does the Court find that Geller brought this lawsuit in order to have the Second Circuit decide whether this theory is, in fact, valid.

## II.     Rule 11's Limit on Sanctions in Removed Cases

Unfortunately, the Court's ability to sanction Geller is barred by Circuit precedent that holds that "Rule 11 has no retrospective application to a complaint filed in state court even if the action subsequently is removed to federal court." *Mareno v. Jet Aviation of Am., Inc.*, 970 F.2d 1126, 1128 (2d Cir. 1992); *see also* 5A Wright & Miller, *Federal Practice and Procedure* § 1337.1 (4th ed. 2019) ("When a case has been removed from state to federal court, the parties cannot seek sanctions under the federal rule for pleadings or motions originally filed in the state court because those materials were not filed with the standards of Rule 11 in mind and are not subject to the requirements of the federal rule.").[2]  The Court does have the power to issue sanctions for any pleadings, motions, or papers subsequently filed in federal court that supported or advanced the same frivolous arguments in bad faith.  *See Mareno*, 970 F.2d at 1128 ("Rule 11 may apply to papers filed in the federal forum once the action has been removed."); *see also Kalika v. Stern*, 911 F. Supp. 594, 605 (E.D.N.Y. 1995) ("Rule 11 may apply to papers filed in the federal forum after the action has been removed."); *Sassower v. Abrams*, 833 F. Supp. 253, 272–73 (S.D.N.Y. 1993) (noting that "sanctions would be appropriate under Rule 11 based upon the wave of frivolous and vexatious motions which [counsel] has filed since the removal of these cases").  However, there are no such papers in the instant action; the only filing signed by Geller in this proceeding is his notice of voluntary dismissal.  (*See* Notice of Voluntary Dismissal, Dkt. 5); *see also Kalika*,

---

[2] Although Geller did not raise this issue in his briefing, the Court nonetheless finds that this binding precedent precludes an issuance of sanctions in the instant case.

911 F. Supp. at 605 (declining to issue Rule 11 sanctions when counsel had not filed any "sanctionable papers").

Although *Mareno*, *Kalika*, and *Sassower* only address sanctions in the Rule 11 context, the Court finds that their reasoning is equally applicable to whether the Court can issue sanctions under its inherent power when the potentially sanctionable conduct occurred in state court, before the case was removed and thus before this Court obtained jurisdiction. Accordingly, the Court holds that it is precluded from issuing sanctions under both Rule 11 and the Court's inherent power.

## CONCLUSION

For the reasons stated, the Court declines to issue sanctions against Plaintiff's counsel, Edward Geller. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 29, 2019
       Brooklyn, New York