UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BIANCA ABREU,

                              Plaintiff,                         **<u>ORDER</u>**
                                                                  18-CV-4103 (PKC) (LB)
                  - against -

RECEIVABLE COLLECTION SERVICES,
LLC,

                              Defendants.
------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On June 1, 2020 Defendant filed a letter motion to remand this already terminated action

to the Civil Court of the City of New York, County of Queens.  (Dkt. 24.)  For the reasons

contained herein that motion is denied.

Defendant removed this action from the Civil Court of the City of New York on July 18,

2018 on the basis of federal question jurisdiction.  (Notice of Removal, Dkt. 1.)  Plaintiff filed a

letter indicating her intent to voluntarily discontinue this matter on August 16, 2018 (Dkt. 9), which

the Court So Ordered on September 6, 2018 (*see* Order, Sept. 6, 2018).  The Court dismissed the

case that same day but retained jurisdiction to allow Defendant to file its motion for attorneys' fees

pursuant to Federal Rule of Civil Procedure ("FRCP") 11 and 28 U.S.C. § 1927.  (*Id.*)  Following

briefing on this matter (Dkts. 12–19), on April 26, 2019, the Court ordered Plaintiff's attorney to

show cause why he should not be sanctioned for bringing a meritless claim (Memorandum and

Order, Dkt. 20, Apr. 26, 2019).  On August 29, 2019, the Court declined to issue sanctions finding

that it lacks inherent authority and authority under FRCP 11.  *See Abreu v. Receivable Collection

Servs., LLC*, No. 18-CV-4103 (PKC) (LB), 2019 WL 4140840, at *1 (E.D.N.Y. Aug. 29, 2019).

On June 1, 2020, Defendant's counsel filed the instant motion to remand this action back to the Civil Court of the City of New York noting that, in a recent case, the Honorable Leo Glasser reached a different outcome in a similar circumstance involving the same plaintiff's counsel, and arguing that this Court's prior decision "contains reasoning that would highly likely support sanctions in the court from which the action was removed."  (Dkt. 24 (citing *Alcivar v. Enhanced Recovery Co.*, No. 17-CV-2275 (ILG), 2020 WL 2559845 (E.D.N.Y. May 20, 2020)).)[1]

The Court finds that it does not have authority to remand a case that a plaintiff has voluntarily terminated.  FRCP 41(a)(1)(A) expressly permits a plaintiff to voluntarily dismiss his or her case.

> The filing of notice itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or [the] court.  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  He suffers no impairment beyond his fee for filing. . . .  The effect [of a notice of voluntary dismissal] is to leave the parties as though no action had been brought.

*Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (internal quotation marks, citations, and alterations omitted); *see also Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 824 (2d Cir. 2014) ("A court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed."  (citation and alteration omitted)) (decided in context of a district court dismissing claims with prejudice following a voluntary notice of dismissal pursuant to FRCP 41(a)(1)).

---

[1] The Court finds that any comparison between the instant case and *Alcivar* is inapposite. In this case, the Court found that it "can[not] issue sanctions under its inherent power when the potentially sanctionable conduct occurred in state court, before the case was removed and thus before this Court obtained jurisdiction."  *Abreu*, 2019 WL 4140840, at  *3.  *Alcivar* was filed, in the first instance, in federal court, where the sanctionable conduct was identified in an evidentiary hearing held by the Honorable Lois Bloom.  *See* 2020 WL 2559845, at *1–2.

Although not expressly stated, 28 U.S.C. § 1447, which provides procedures following removal, seems to contemplate the same.  The statute provides that a motion may be made to remand a case on a defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal, and that a decision to remand based on the lack of subject matter jurisdiction may be made "at any time before final judgment."  28 U.S.C. § 1447(c).  It may be inferred that remanding an action to state court following a removal under Section 1446(a) is only appropriate when the matter is still active.

For these reasons, Defendant's motion to remand this matter back to the Civil Court of the City of New York, County of Queens is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 10, 2020
       Brooklyn, New York